NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO YATES, | No. 17-16776 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01077-MEJ |
| v. | |
| WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding[**]

Submitted December 18, 2017[***]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Fernando Yates appeals pro se from the district court's summary judgment

in his employment action alleging disability discrimination and retaliation in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kaplan v. City of N. Las Vegas*, 323 F. 3d 1226, 1229 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Yates' disability discrimination claim because Yates failed to raise a genuine dispute of material fact as to whether his hearing loss constituted a disability. *See id.* at 1231 (discussing definition of "disability" under the ADA, including being "regarded as" having a disability); *see also Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th Cir. 2007) (explaining that in order to show that plaintiff is "regarded as" having a disability, the plaintiff "must show that [his] employer regards [him] as substantially limited in a major life activity and not just unable to meet a particular job performance standard").

The district court properly granted summary judgment on Yates' retaliation claim because Yates failed to raise a genuine dispute of material fact as to whether his employer's legitimate, non-retaliatory reasons for its actions were pretextual. *See Brown v. City of Tucson*, 336 F.3d 1181, 1187-88 (9th Cir. 2003) (explaining application of burden-shifting analysis to ADA retaliation claims and requirements for establishing pretext).

17-16776

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Yates' contention regarding the district court's alleged bias.

**AFFIRMED.**